Filed 7/12/22  P. v. Vance CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JACOB STERLING VANCE,<br><br>    Defendant and Appellant. | A163567<br><br>(Humboldt County Super. Ct.<br> No. CR2001925) |

In 2020, defendant Jacob Sterling Vance pleaded guilty to one count of willful infliction of corporal injury upon a victim with whom he had a dating relationship (Pen. Code, § 273.5).  The trial court suspended imposition of sentence and granted defendant probation.  In 2021, after finding him in violation of probation, the trial court revoked probation and sentenced defendant to the upper term of four years.

On appeal, the parties agree defendant is entitled to resentencing under Senate Bill No. 567 (2021-2022 Reg. Sess.) (S.B. No. 567).  We agree with the parties and remand for resentencing.

## DISCUSSION

When defendant was sentenced in 2021, a sentencing court needed only to find circumstances in aggravation by a preponderance of the evidence to impose an upper term.  (*People v. Hicks* (2017) 17 Cal.App.5th 496, 512.)  The sentencing law has since changed.

1

Effective January 1, 2022, S.B. No. 567 amended Penal Code section 1170, so that subdivision (b)(2) now provides in relevant part, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

On appeal, defendant seeks remand for resentencing under Penal Code section 1170 as amended. The Attorney General agrees the new version of section 1170 applies retroactively to defendant and that the matter should be remanded for resentencing "[b]ecause the trial court may have relied on factors that were neither admitted by [defendant] nor found to be true beyond a reasonable doubt."

We agree with the parties and remand the matter to the trial court for resentencing. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under Penal Code section 1170 as amended by S.B. No. 567].)

## DISPOSITION

The sentence is vacated and the matter is remanded to the trial court to sentence defendant under Penal Code section 1170 as amended by S.B. No. 567.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Stewart, J.




A163567, *People v. Vance*